UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KYRUS ROGERS, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, ET AL. | CIVIL ACTION |
| VERSUS | NO.  15-706-JWD-RLB |
| AVERITT EXPRESS, INC., ET AL. | |

### ORDER

Before the Court is Plaintiffs' Motion to Set Manner, Conditions, and Scope of Defense Medical Examination (R. Doc. 24) filed on August 12, 2016.  The motion is opposed by Defendants. (R. Doc. 25).  Also before the Court is Defendants' Motion to Compel Independent Medical Examination. (R. Doc. 32).  That motion is opposed by Plaintiffs. (R. Doc. 40).  Because both motions pertain to the same subject matter, the Court informed the parties that both motions would be considered together, and that all briefing would be considered in resolving this matter.

Plaintiff Kyrus Rogers alleges that he was involved in an automobile accident on April 18, 2014. (R. Doc. 1-2).  Plaintiff Rogers[1] further alleges that the accident caused "injuries to the disks, ligaments and muscles of his spine, causing lower back, neck, and joint pain." (R. Doc. 1-2 at 3-4). Plaintiff is seeking the recovery of medical expenses; physical pain and suffering; mental anguish, pain, and inconvenience; loss of earnings and/or earning capacity; and loss of enjoyment of life. (R. Doc. 1-2 at 4).

On August 2, 2016, Plaintiffs' counsel informed defense counsel that Plaintiff Rogers would appear for an independent medical examination ("IME")[2] to be conducted by Dr. Anthony Ioppollo

---

[1] As used in this Order, "Plaintiff Rogers" refers to Mr. Kyrus Rogers.
[2] Plaintiffs refer to the IME as a Defense Medical Examination ("DME").

in Baton Rouge, Louisiana, on August 30, 2016, subject to the entry of a written agreement between the parties. (R. Doc. 24-3). The proposed agreement requires, among other things, that Defendants agree that there is no "good cause" for a Rule 35 examination because the examination is voluntary; that Plaintiff Rogers not be required to submit to "invasive procedures" or to waive any liability or malpractice arising out of the examination; that Plaintiff Rogers' wife be allowed to accompany him at the examination; that the examination be limited to 2 hours; and that Defendants pay for Plaintiff Rogers' travel expenses. (R. Doc 24-3 at 3-4).

On August 10, 2016, defense counsel replied that they had never been presented with "such an agreement for an independent medical examination in a personal injury suit," refusing to enter into the agreement or propose any modifications. (R. Doc. 24-4).

On August 11, 2016, Plaintiffs' counsel requested that defense counsel discuss potential modifications to the agreement by the end of the day prior to bringing the issue to the Court's attention. (R. Doc. 24-6).

On August 12, 2016, Plaintiffs filed their motion, which seeks to limit the scope of the physical examination as outlined in Plaintiffs' proposed agreement. Moments later, defense counsel sent a letter to Plaintiffs' counsel addressing the issues raised by the proposed agreement, providing red-lined modifications, and requesting that Plaintiffs' counsel withdraw the instant motion. (R. Doc. 25-1).

On August 15, 2016, Defendants filed their Opposition. On August 23, 2016, Defendants filed their Motion to Compel Independent Medical Examination.

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be

examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964); *see also Miller v. Credit*, No. 12-00138, 2013 WL 375551, at *2 (M.D. La. Jan. 30, 2013).

The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion. *Glaze v Bud's Boat Rental, Inc.,* 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

Plaintiff Rogers is suing the Defendants for "injuries to the disks, ligaments and muscles of his spine, causing lower back, neck, and joint pain" and seeks to collect monetary damages associated with those injuries from the Defendants. There is no dispute that Plaintiff's physical neurological condition is in controversy and that good cause exists for the Rule 35 examination.

There is also no dispute that Dr. Anthony Ioppolo, M.D., F.A.C.S. is "a suitably licensed or certified examiner" under Rule 35(a)(1).

The Court has considered the arguments of the parties as well as the various proposals exchanged in attempting to resolve this matter without Court intervention. It is also noted that the defense does not object to the presence of Plaintiff Rogers' spouse during the examination, "subject to any policy of Dr. Ioppolo of which Defendants are unaware." (R. Doc. 32-1 at 4). Defendants have not identified any such policy, and it appears have not taken the simple step of asking Dr. Ioppolo if there is something about his exam that would be compromised by the presence of the Plaintiff's spouse. This Court has prohibited third parties, particularly attorneys, from being present

3

during an IME evaluating the plaintiff's mental condition. *See Terry v. Promise Hosp. Of Ascension, Inc.*, 2014 WL 1239397, at * 3 (M.D. La. March 25, 2014).  Those same concerns are not readily apparent in a physical exam such as the one in this case, and without some showing or representation by the defense that the presence of Plaintiff Rogers' spouse would compromise such exam, the Court will not preclude it here, especially when that request is not before the Court.

After consideration of the entire record, the Court sets forth below the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it, as required by Rule 35.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion (R. Doc. 24) and Defendants' Motion (R. Doc. 32) are **GRANTED IN PART** and **DENIED IN PART** as set forth below.

**IT IS FURTHER ORDERED** that:

1. Plaintiff, Kyrus Rogers, shall submit to a neurological examination by Dr. Anthony Ioppolo, at Advanced Spine Institute, 5408 Flanders Drive, Baton Rouge, LA 70801, at 11:00am on August 30, 2016.  Such examination shall include any physical examination deemed necessary by Dr. Ioppolo and consistent with the routine procedures of a neurosurgeon in order to assess Plaintiff Rogers' medical condition and any alleged injuries in this lawsuit.  The examination shall proceed until complete with reasonable breaks if needed, but shall not exceed 4 hours.  X-ray imaging may be permitted if deemed necessary by Dr. Ioppolo due to the insufficiency of prior imaging provided to him.[3]  Defendants shall provide all available imaging to Dr. Ioppolo on or before the date of the examination.  Any other radiological imaging or testing is outside of the scope of this Order.  No invasive procedures are permitted.

---

[3] Plaintiff has indicated that various "medical records, x-rays, and MRIs" have previously been provided. (R. Doc. 40 at 3).

4

2. At the time of said examination, Plaintiff Rogers shall answer all proper questions submitted to him, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, all for the purpose of making a proper diagnosis of Plaintiff Rogers' condition.

3. No individuals other than Plaintiff Kyrus Rogers, his spouse, Dr. Ioppolo and Dr. Ioppolo's staff will be permitted to be present during the examination.[4]  No audio or video recording of the examination will be permitted.

4. The Defendants shall bear the costs of the examination.  Plaintiff is responsible for travel to the examination and any expenses associated with said travel.[5]

Signed in Baton Rouge, Louisiana, on August 26, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Defendants expressed no objection to Plaintiff Rogers' wife accompanying him to the examination. (R. Doc. 32-1 at 4).
[5] Plaintiffs' original position was that these expenses be paid by the Defendants, but that request has been withdrawn. (R. Doc. 40-2).